IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENNY JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-01318-M |
| BELL TEXTRON, INC., | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bell Textron, Inc.'s Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Fort Worth Division of the Northern District of Texas. ECF No. 8. For the following reasons, the Motion is **DENIED**.

I. **Factual and Procedural Background**

On June 17, 2022, Plaintiff Penny Johnson filed this suit. ECF No. 1. On August 3, 2022, Plaintiff amended her Complaint, asserting Title VII claims of sex and race discrimination, and retaliation. ECF No. 13 ¶¶ 34–60. Plaintiff is a resident of Fort Worth, Texas. She lives virtually equidistant from the federal courthouses in the Fort Worth Division and the Dallas Division. ECF No. 23 at 3.

Defendant's headquarters, and the location of all events giving rise to this litigation, is at 3255 Bell Flight Boulevard, Fort Worth, Texas. According to Google Maps, this location is 14 miles away from the Fort Worth Division courthouse, with a travel time of approximately 21 minutes, and it is 23.7 miles from the Dallas Division courthouse, with a travel time of

1

approximately 29 minutes.[1]  On July 19, 2022, Defendant moved to transfer the case from the Dallas Division to the Fort Worth Division.  ECF No. 8.

## II.     Legal Standard

Under 28 U.S.C. § 1404(a), a district court can transfer "any civil action to another district or division where it might have been brought" if it is in the interest of justice and serves the convenience of the parties and witnesses.  Here, the parties agree that this case was properly brought in the Dallas Division but could have been brought in the Fort Worth Division,[2] and therefore, the relevant question is whether the transfer would be "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  While not as deferential as in a *forum non conveniens* analysis, a plaintiff's choice of venue is still given some degree of deference.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008).  Unless a defendant can show that the desired venue is "clearly more convenient" than the plaintiff's choice, the motion to transfer should be denied.  *Id.* at 315.

To determine whether the desired venue is more convenient, the Court considers four private and four public interest factors.  The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

---

[1] The Court takes judicial notice of this information pursuant to Fed. R. Evid. 201.
[2] "[A]n action [under Title VII] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed ..."  42 U.S.C. § 2000e-5(f)(3).

2

the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in original).

### III. Analysis

#### a. Private Interest Factors

The parties agree that the availability of compulsory process is not a problem with any witness. *See* ECF No. 9 at 7; ECF No. 15 at 5. Accordingly, this factor is neutral, and the Court need only consider the remaining three private interest factors.

##### i. Relative Access to Proof

The first factor is the relative ease to which parties have access to sources of proof. Defendant argues that all documentary evidence relating to the Plaintiff's allegations are at Defendant's headquarters in the Fort Worth Division, and all of Defendant's witnesses reside and work in the Fort Worth Division. ECF No. 9 at 5–6. Plaintiff responds that this factor does not favor transfer because the documentary evidence is available electronically, and the parties' witnesses all reside in the Northern District of Texas. ECF No. 15 at 5.

The Fifth Circuit has noted, "That access to some sources of proof presents a lesser inconvenience now than it might have been absent recent developments does not render this factor superfluous." *In re Volkswagen*, 545 F.3d at 316. However, courts often give more weight to this factor where the documents "are so voluminous that their transport is a major undertaking." *E.g.*, *Gonsalez Moreno v. Milk Train, Inc.*, 182 F. Supp. 2d 590, 598 (W.D. Tex. 2002); *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 931 (E.D. Tex. 1999).

Defendant does not contend that the documents are "so voluminous" that their transport would be inconvenient. The fact that the documents can be produced electronically minimizes whatever inconvenience there may be. *Moss v. Lockheed Martin Corp.*, 2011 WL 197624, at *3

3

(N.D. Tex. Jan. 18, 2011) (Lynn, J.).  Because any concerns relating to relative ease of access to proof are at best modest, this factor is neutral.

### ii.  Cost of Attendance for Witnesses

"The availability and convenience of witnesses has been held to be the most significant factor in deciding a § 1404(a) motion to transfer."  *Mannatech, Inc. v. K.Y.C., Inc.*, 2006 WL 2216033, at *3 (N.D. Tex. Aug. 3, 2006).  Because Defendant will be able to compel its own employees to testify at trial, the convenience of non-party witnesses is given the greatest weight.  *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009).  The party seeking transfer has the burden of identifying "key witnesses and the general content of their testimony."  *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F. Supp. 2d 808, 812 (N.D. Tex. 2002).

Defendant argues that this factor favors transfer because all of its "primary defense witnesses" work at Defendant's headquarters and reside "in or west of Tarrant County."  ECF No. 8 at 6.  Plaintiff responds that Defendant has not shown that more witnesses are closer to the Fort Worth Division courthouse than the Dallas Division courthouse.

Defendant identifies four witnesses, all of whom are Defendant's employees.  *See* ECF No. 9 at 6; ECF No. 9-1 ¶ 5.  According to Google Maps, those four are located an average of 34.55 miles from the Dallas Division courthouse, with the furthest located 55 miles away, and they are located, on average, 16.84 miles from the Fort Worth Division courthouse.[3]  ECF No. 24 ("Appendix") Exhibits 5–12.  While these four witnesses will have to travel slightly further if the case remains in the current venue, the relative difference for the cost of attendance is minimal.  *Jennings v. Cont. Consultants, Inc.*, No. 3:07-CV-0539-L, 2008 WL 977355, at *4 (N.D. Tex.

---

[3] The Court takes judicial notice of this information pursuant to Fed. R. Evid. 201.

Apr. 8, 2008) ("When the cities are closely located, as are Dallas and Fort Worth, the convenience factor usually becomes less important."); *see also Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (characterizing a distance of 203 miles in Texas as a "minor inconvenience"). Defendant generally identifies Plaintiff's union representatives as potential witnesses, but does not identify them or their locations with specificity, and simply notes that they reside in the Fort Worth Division. Appendix Exhibit 13 ¶ 4. Plaintiff identifies two non-party witnesses who Plaintiff believes live in the Dallas Division or live closer to the Dallas Division courthouse than the Fort Worth Division courthouse, but she does not specify the subject of their projected testimony. ECF No. 15-1 ¶¶ 4–5; *see* ECF No. 23 at 3.

The difference in distance between the Dallas and Fort Worth Division courthouses, to which potential witnesses would have to travel, is not of significant magnitude. This factor weighs very slightly in favor of transfer.

### iii.  Other Practical Problems

The fourth private interest factor is "a catch-all consideration that includes all other problems which encourage easy, expeditious, and inexpensive trials." *Camatic Proprietary Ltd. v. Irwin Seating Co.*, 2017 WL 2362029, at *6 (N.D. Tex. May 31, 2017). Defendant argues that this factor weighs in favor of transfer, because "the parties and this Court will likely face additional, unnecessary scheduling issues if the case proceeds in the [Dallas] Division." ECF No. 9 at 7. The Court disagrees.

If the motion to transfer would further delay "[an already] protracted litigation," then it should weigh against transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). This case has been pending in the Dallas Division for over eight months and a Scheduling Order has been entered. A transfer of venue at this point would require a Fort Worth judge to reassess the

5

pleadings already examined by this Court, and perhaps start anew the pretrial and trial schedule, causing a delay in the administration of justice. This factor weighs against transfer.

### b. Public Interest Factors

Neither party contends that the forum's familiarity with the governing law or the use of foreign law would present an issue in this case. Accordingly, those factors are neutral. The Court must determine only whether court congestion and localized interest favors transfer.

The calendar congestion factor is neutral. There is no evidence to suggest that the Fort Worth Division is less congested than the Dallas Division.

The Court assesses whether the venue has a localized interest in adjudicating the matter. "Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor." *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 872 (E.D. Tex. 2012). Because none of the parties are residents of the Dallas Division and Plaintiff's claims arose out of acts occurring in the Fort Worth Division, this factor arguably weighs slightly in favor of transfer, but this is not a case where local interests are significant.

## IV. Conclusion

In the Court's view, Defendant has not met its burden of proving that the Fort Worth Division is clearly the more convenient forum for the parties and witnesses, or that transfer would serve the interests of justice, so Plaintiff's choice of venue will prevail. Accordingly, the Motion is **DENIED**.

**SO ORDERED**.

March 1, 2023.

_BARBARA M. G. LYNN_
UNITED STATES DISTRICT JUDGE

6